1

2

3

4

5

6 UNITED STATES DISTRICT COURT

7 EASTERN DISTRICT OF CALIFORNIA

8

9 JUANMINGO BECERRA,      No. 1:16-cv-01650-SKO HC

10         Petitioner,     **ORDER DISMISSING PETITION**
**FOR FAILURE TO STATE**
11    v.     **A FEDERAL CLAIM**

12 CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
13 REHABILITTATION (CDCR),

14         Respondent.

15 <u>**Screening Memorandum**</u>

16
Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus
17
pursuant to 28 U.S.C. § 2254.[1]  Petitioner contends that his rights were violated when, after
18
pleading *nolo contendre* to charges of voluntary manslaughter (Cal. Penal Code § 192) and
19
assault with a firearm (Cal. Penal Code § 245(a)(2)), (1) the state court determined his sentence in
20
part by applying two enhancements in contravention of California state law, and (2)the state court
21
violated his due process rights by allowing him to plead guilty to two illegal enhancements.
22
Having reviewed the petition and applicable law, the Court dismisses the petition for failure to
23
state a cognizable federal claim.
24
///
25

26

27

28 _____
[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented in writing to the jurisdiction of a United States Magistrate
Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

**I.     Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**II.    Procedural and Factual Background**

On August 23, 2013, Petitioner pled guilty to voluntary manslaughter (Cal. Penal Code 192) and assault with a firearm (Cal. Penal Code § 245(a)(2)).  On the voluntary manslaughter count, the Stanislaus County Superior Court sentenced Petitioner to the mid-term sentence of six years plus a consecutive ten-year firearm enhancement (Cal. Penal Code § 12022.5) and a ten-year gang enhancement (Cal. Penal Code § 186.22(b)(1)(C)).  The court sentenced Petitioner to a consecutive one-year term on the assault-with-a-firearm count, resulting in an aggregate prison term of 27 years.

Petitioner filed a petition for writ of habeas corpus in Stanislaus County Superior Court in which he contended he received an unauthorized sentence.  In a written decision dated March 5, 2016, the Superior Court concluded that Petitioner failed to state a claim for relief and denied the petition.  According to Petitioner, the California Court of Appeal denied the petition on May 16, 2016, and the California Supreme Court denied it on July 21, 2016.

///

///

///

2

III.   **Alleged Violation of State Sentencing Law**

In his first ground for relief, Petitioner contends that the trial court pronounced an incorrect sentence because his sentence incorporated terms for two enhancements, in violation of California Penal Code § 1170.1(f).

A.   **Statutory Basis for Claim**

Section 1170.1(f) prohibits the imposition of multiple firearms enhancements, providing:

> When two or more enhancements may be imposed for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense.  This subdivision shall not limit the imposition of any other enhancements applicable to that offense, including an enhancement for the infliction of great bodily injury.

B.   **State Court Decision**

In denying the state habeas petition, the Stanislaus County Superior Court rejected Petitioner's construction of the statute,[2] factually distinguishing the cases on which Petitioner's argument relied from the facts of Petitioner's case:

> In *People v. Le* (2015) 61 Cal.4th 416, a jury found the defendant guilty of, among other things, violating Penal Code section 245(b), assault with the use of a semi-automatic weapon.  As to the assault charge, the jury also found true the allegations that the defendant used a firearm (Pen. Code § 12022.5(a)) and the defendant committed the assault in for [*sic*] the benefit of a criminal street gang (Pen. Code § 186.22(b)(1).)  At the time of sentencing, the prosecution asked the trial court to impose a five-year gang enhancement and the 10-year firearms enhancement.  However, the trial court determined imposition of both elements would violate Penal Code section 1170.1(f) based on the holding of *People v. Rodriguez* (2009) 47 Cal.4th 501, 508-509 (*Rodriguez*).

> On review, the California Supreme Court, after considering its decision in *Rodriguez*, affirmed the trial court's sentencing decision.  The court held a firearm enhancement and a serious felony gang enhancement under Penal Code section 186.22, subd. (b)(1)(B), cannot both be imposed when the crime (Pen. Code

---

[2] Because the California Appellate Court and Supreme Court summarily denied review, the Court must "look through" the summary denial to the last reasoned decision, which is, in this case, the opinion of the Stanislaus County Superior Court.  *Ylst v. Nunnemaker*, 501 U.S. 797, 803-06 (1991).

3

§ 245(b)) *only qualifies* as a serious or violent felony because it involved the use of a firearm.

In *Rodriguez* a jury found the defendant guilty of assault with a firearm (Pen. Code § 245, subd. (a)(2)).  The jury also found true the sentencing enhancement allegations of personal use of a firearm and imposed a four-year firearms enhancement and a 10-year gang enhancement.

The *Rodriguez* court held, "the trial court erred in imposing additional punishment for defendant's firearm use under both section 12022.5's subdivision (a) and section 186.22's subdivision (b)(1)(C)."  The court found the sentence violated Penal Code section 1170.1, subdivision (f), which prohibits the imposition of additional punishment under more than one enhancement provision for "using . . . firearm in the commission of a single offense."

Similar to *Le*, the assault charge in *Rodriguez* only qualified as a violent felony subject to the 10-year gang enhancement because it involved the use of a firearm (Pen. Code § 667.5, subd. (c)(8)).  (*People v. Rodriguez, supra*, 47 Cal.4th at p. 509.)  Therefore, the court found the trial court improperly enhanced the sentence twice for the use of a firearm during the commission of a single offense; once for personal use (Pen. Code § 12022.5(a)) and again as a violent felony under the gang statute.

The holdings of both *Le* and *Rodriguez* focused on the fact that the underlying charge only qualified as a serious or violent felony under the gang enhancement statute because it involved the use of a firearm.

In *People v. Vega* (2013) 214 Cal. App. 4th 1387, the court highlighted this distinction when it distinguished *Rodriguez* from the facts of the case before it.  Rather, in *Rodriguez*, the multiple sentencing issue arose because the jury found both the firearm use and section 186.22, subdivision (b)(1)(C) gang allegations to be true.  And, the only reason the aggravated assault was a violent felony and, hence, subject to the 10-year gang enhancement, was because the firearm use finding was sustained.  Here, *even if no firearm use finding had been returned, the attempted voluntary manslaughter offense would still be a violent felony thereby triggering the 10-year gang enhancement.*  And this is why— *because the great bodily injury finding made the attempted voluntary manslaughter offense into a violent felony*. (Pen. Code § 667.5, subd. (c)(8).) [Emphasis added.]

In *Vega* the underlying charge, attempted voluntary manslaughter, was not *per se* a serious or violent felony.  However, because the jury found the great bodily injury allegations true, it was considered a violent felony pursuant to Penal Code section 667.5(c)(8), irrespective of whether the defendant used a firearm.

In the instant case, [Petitioner] pled guilty to voluntary manslaughter, which is a violent felony regardless of whether a gun was used in the commission of the crime.  (Pen. Code § 667.5,

subd. (c)(1))   Like the great bodily injury finding in *Vega*, [Petitioner's] no contest plea to Count 1, provides an independent base for the 10-year gang enhancement, which is completely unrelated to [Petitioner's] use of a firearm.

Because the 10-year gang enhancement can be imposed solely on the grounds that voluntary manslaughter is a violent felony *per se* and without regards to [Petitioner's] use of a firearm, *Le* and *Rodriguez* do not apply.

*In re Becerra*, (Cal. Sup. Mar. 16, 2016) (Stanislaus County Case No. 1237032) (Doc. 1 at 18-20).

### C.      State Law Claims Are Not Cognizable in Federal Habeas Proceedings

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes "a highly deferential standard for evaluating state-court rulings," requiring "that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997). Section 2241(c) provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states, "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See also* Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.   "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*citations omitted*).   "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989).

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).   To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Petitioner may only seek habeas relief if the nature or duration of his imprisonment violates federal constitutional provisions. Because ground one of the petition alleges only a violation of California state sentencing law, this claim is not cognizable in a federal habeas proceeding.

## IV.    Petitioner is Not Entitled to Relief on Due Process Claim

As the second ground for habeas relief, Petitioner contends that the trial court's violation of California Penal Code § 1170.1(f), of which he complains in claim one, also violated Petitioner's right to due process. Nothing in the habeas petition or supporting documentation suggests that this claim was raised in state court; even if Petitioner had raised this claim in state court, it would not constitute a cognizable federal claim.

### A.    Claim Two is Not Exhausted

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the

highest state court with the claim's factual and legal basis.  *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

The petitioner must also have specifically informed the state court that he was raising a federal constitutional claim.  *Duncan*, 513 U.S. at 365-66; *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998).

Nothing in the above-captioned petition or its supporting documentation indicates that Petitioner raised a due process claim in state court.  When a ground for collateral relief is unexhausted, the Court must dismiss the petition.  28 U.S.C. § 2254(b)(1); *Rose*, 455 U.S. at 521-22.

**B.**     **Ground Two Does Not State a Cognizable Claim**

As the Court previously concluded, a state court's violation of the state penal code does not constitute a cognizable claim in federal habeas review.  As a result, even if ground two of the petition were exhausted, it would not state a claim cognizable in federal habeas proceedings.

A federal court can grant habeas relief only if the petitioner has demonstrated that the state court violated the U.S. constitution or federal law.  *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).  Petitioner's sole contention is that the state court erroneously applied state sentencing law.  "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *McGuire*, 502 U.S. at 67 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).  Adding the phrase "due process" to a state law claim does not transform the claim to a federal claim.  *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

**V.**     **Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances.  *Miller-El v.*

7

*Cockrell*, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a

certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

>> (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

>> (B)  the final order in a proceeding under section 2255.

> (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability

"if jurists of reason could disagree with the district court's resolution of his constitutional claims

or that jurists could conclude the issues presented are adequate to deserve encouragement to

proceed further."  *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Although the petitioner is not required to prove the merits of his case, he must demonstrate

"something more than the absence of frivolity or the existence of mere good faith on his  . . .

part."  *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner has not alleged

a cognizable federal habeas claim to be debatable or wrong, or conclude that the issues presented

8

require further adjudication.  Accordingly, the Court declines to issue a certificate of appealability.

**VI.    Conclusion and Order**

Because the petition fails to state a federal claim, the Court hereby DISMISSES, with prejudice, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court declines to issue a certificate of appealability.  The Clerk of Court is directed to close the case.


IT IS SO ORDERED.

Dated:   **December 15, 2016**                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE